UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : Criminal No. 06-004 (HHK) |
| | : |
| ROBERT L. HALL, JR., | : |
| ANTHONY RIVERA, & | : |
| THOMAS ALSTON | : |
| | : |
| **Defendant** | : |

## GOVERNMENT'S MOTION TO PERMIT POSTAL INSPECTOR JUDY RAMOS TO REMAIN AT COUNSEL TABLE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following memorandum in support of its motion to allow United States Postal Inspector Judy Ramos to remain at counsel table throughout the trial.

Fed. R. Evid. 615 mandates, upon motion, the sequestration of the witnesses in any case. Excluded from mandatory sequestration, however, is "an officer or employee of a party which is not a natural person designated as its representative by its attorney . . ." Rule 615(2). A government investigative agent, involved in a criminal prosecution, is within this exception. United States v. Gonzalez, 918 F.2d 1129, 113738 (3rd Cir. 1991), cert. denied, 1111 S.Ct. 1637 (1991); United States v. Parodi, 703 F.2d 768 (4th Cir. 1983).

> [i]t is true that Rule 615 mandates, upon motion, the sequestering of the witnesses in any case. Excluded from such mandatory requirement, however, is 'an officer or employee of a party which is not a natural person designated as its representative by its attorney' at trial. It has been authoritatively determined, based on the legislative history of the Rule, that a government investigative agent involved in a criminal prosecution . . . is within this exception. [Citations omitted.]

1

Parodi, supra, 703 F.2d at 773.

As noted in the Senate Judiciary Committee Report 93-1277:

> Many district courts permit government counsel to have an investigative agent at counsel table throughout the trial although the agent is or may be a witness. The practice is permitted as an exception to the rule of exclusion and compares with the situation defense counsel finds himself in--he always has the client with him to consult during the trial. The investigative agent's presence may be extremely important to government counsel, especially when the case is complex or involves some specialized subject matter. The agent, too, having lived with the case for a long time, may be able to assist in meeting trial surprises where the best-prepared counsel would otherwise have difficulty.
>
> This problem is solved if it is clear that investigative agents are within the groups specified under the second exception made in the rule for 'an officer or employee of a party which is not a natural person designated as its representative by its attorney.' It is our understanding that this was the intention of the House committee. It is certainly this committee's construction of the rule.

S. Rep. No. 93-1277, 93rd Cong., 2nd Sess. (1974), U. S. Code Cong. & Admin. News 1974, pp. 7051, 7073, reprinted in Historical Note, 28 U.S.C.A., Rule 615. Similarly, in Re: United States, 584 F.2d 666 (5th Cir. 1978), the Fifth Circuit held that the trial judge erred in excluding a federal agent from the courtroom after the prosecution had designated him as its representative pursuant to Section 615 (2).

The Advisory Committee's note takes the position that while Rule 615 admits the authority of the trial judge, the question of sequestration is no longer one of discretion but of right.

Even prior to the adoption of Rule 615, it was proper for an agent to sit at counsel table even though he testified as a witness, e.g., United States v. Maestas, 523 F.2d 216, 221 (10th Cir.

1975); United States v. Thor, 512 F.2d 811, 813 (5th Cir.), cert. denied, 423 U.S. 1014 (1975); United States v. Pellegrino, 470 F.2d 1205, 1208 (2d Cir. 1972), cert. denied, 411 U.S. 918 (1973) (no error where trial judge permitted government agent to sit at counsel table throughout entire trial and testify as the prosecutor's last witness in its case-in-chief).

Indeed, this practice is recognized and permitted in this circuit and has been requested by government counsel and granted in a number of different cases. E.g., United States v. Antonio Bras, No. 03-051 (J. Kotelly); United States v. Malik M. Akhtar, Cr. No. 93-442 (J. Jackson); United States v. Perholtz, No. 85-0255, January 14, 1986 (J. Gesell); United States v. Savan, No. 88-0148, May 1, 1989 (J. Lamberth); United States v. Recognition Equipment, Inc., No. 88-0385, September 27, 1989 (J. Revercomb); and United States v. Barbara Love, No. 91-0122, October 1991 (J. Johnson).

The risk that Inspector Ramos's presence in the courtroom would give her an opportunity to tailor her testimony is minimized by the nature of her testimony which relates to her investigation of this case.

WHEREFORE, for the foregoing reasons, the United States moves this Court to allow Inspector Judy Ramos to remain at counsel table during the trial of this case.

          Respectfully submitted,

          KENNETH L. WAINSTEIN
          UNITED STATES ATTORNEY
          DC. BAR # 451058

By: _____
          STEVEN J. DURHAM
          ASSISTANT U.S. ATTORNEY
          Fraud and Public Corruption Section
          555 4th Street, N.W.
          Washington, D.C. 20530
          (202) 514-8316

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served by ECF notification upon the following counsel of record:

Brian McDaniel, Esq. (counsel for defendant Hall)
Thomas Abbenante, Esq. (counsel for defendant Rivera)
James Beane, Esq. (counsel for defendant Alston)

this 18th day of January, 2006.

_____
STEVEN J. DURHAM
ASSISTANT U.S. ATTORNEY