## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| v. | : |
| | : |
| **ROBERT L. HALL, JR.** | : Criminal No. 06-004-01, 02, 03 (HHK) |
| **ANTHONY RIVERA, &** | : |
| **THOMAS ALSTON** | : |
| | : |
| **Defendant** | : |

### GOVERNMENT'S OPPOSITION TO DEFENDANT HALL'S MOTION TO STRIKE SURPLUSAGE FROM THE INDICTMENT

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby opposes counsel for defendant Hall's motion to strike surplusage from the indictment. Defendant's challenge to two sentences in a twelve page indictment relates directly to the subject of the government's motion to admit evidence under Fed. R. Evid. 404(b).[1] Accordingly, the Court should defer ruling on defendant Hall's motion until it has ruled on the admissibility of the proposed Rule 404(b) evidence.

Motions under Fed. R. Crim. P. 7(d) "'to strike surplusage [from the indictment] should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial.'" United States v. Rezaq, 134 F.3d 1121, 1134 (D.C. Cir. 1998) (citation omitted). Even if the indictment contains surplus, there can be no prejudice where the jury properly learned of the information in any event. United States v. Clark, 184 F.3d 858, 869-870 (D.C. Cir. 1999).

---

[1] Defendant Hall takes issue with paragraph six and the third sentence of paragraph 11A which relates to the manner and means of the scheme. See Defendant's Motion at 2. The evidence that supports the allegations set forth in these two sentences proves defendant's motive, knowledge, and intent as set forth fully in the government's Rule 404(b) motion which the Court has taken under advisement.

At the pretrial conference on September 18, 2006, the Court deferred its ruling on the government's Rule 404(b) motion until after the commencement of the trial. The government will not seek to offer any evidence on either of the two sentences in the indictment with which the defense takes issue unless and until the Court permits. If the Court permits this type of evidence as Rule 404(b) evidence, defendant will sustain no prejudice as a result of the challenged allegations in the indictment. On the other hand, if no evidence is admitted to support these two sentences in the indictment, the two sentences can be excised from the indictment at the time the case is submitted to the jury.[2] In any event, the Court should not grant defendant's motion to strike these two sentences at this particular point in time.

        Respectfully submitted,

        KENNETH L. WAINSTEIN.
        UNITED STATES ATTORNEY
        D.C. BAR # 451058

By: _____
     STEVEN J. DURHAM
     JORDAN THOMAS
     ASSISTANT U.S. ATTORNEYS
     Fraud & Public Corruption Section
     555 4th Street, N.W.
     Washington, D.C. 20530
     (202) 514-8316

---

[2] We note that the indictment will have to be amended to reflect that defendant Thomas Alston is no longer charged in counts 1-6 and 8-10.