

"Durham, Steven \(USADC\)" <Steven.Durham@usdoj.gov>

10/22/2006 06:28 PM

To <Kennedy_Chambers@dcd.uscourts.gov>, <Brigham_Bowen@dcd.uscourts.gov>, <Tanya_Johnson@dcd.uscourts.gov>

cc <tabbenante@aol.com>, <beane.law@verizon.net>, "Thomas, Jordan" <THOMASJA@SEC.GOV>

bcc

Subject US v. Rivera & Alston, 06-004 (HHK)

Judge Kennedy:

We are in receipt of the jury's note dated 10/20/06 at 3:52 p.m. The jury asks two questions, both of which concern the law of conspiracy as applied to facts in this case. Before the Court responds to the note, the government would ask the Court to consider the following observations that are relevant to its response.

The first question seeks a specific answer as to whether defendant Rivera joined the conspiracy at the specific point in time he "agreed to allow Mr. Hall to use his account to deposit the wired funds." (Jury Note.) The question does not lend itself to a simple yes or no answer. Overt act 7 in the conspiracy count alleges that on or about September 5, 2003, Mr. Rivera "directed Sterling Trust to wire the proceeds of the IRA funds held by Sterling Trust in his name to the Developers Incorporated bank account at the National Capital Bank." This is consistent with the evidence introduced at trial, specifically, government's exhibit 2j. Mr. Rivera could have joined the conspiracy at this particular point in time – September 5 – if he had the requisite criminal knowledge and intent set forth in the definition of conspiracy. The agreement to allow Hall to use Rivera's account could also have been reached well before September 5, 2003. Mr. Rivera could have joined the conspiracy at other times prior to September 5, for example – if found by the jury – when he executed and caused the account adoption agreement to be sent to Sterling Trust on or about September 2, 2003. (Over act 3.) It is equally true that Mr. Rivera could have joined the conspiracy at some time after September 5, 2003. For example, the jury could find that Mr. Rivera did not join the conspiracy until he obtained and cashed the various bank and cashier's checks on September 9, 2003. (Overt acts 9, 10, 13.)

To this end, it is important to stress that even if the defendant was not part of the agreement at the very start, he can become a member of a conspiracy later if the government proves that he intentionally joined the agreement. Different people may become part of the conspiracy at different times. A person may become a member of a conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the intent to advance or further the unlawful object of the conspiracy.

The jury's second question also does not lend itself to a simple yes or no answer although the one word answer would clearly be "no." The note refers back to "this act," referring to Rivera's agreement to allow Hall to use his account to deposit the wired funds. As set forth above, the initial agreement between Rivera and Hall on this issue does not mean that Rivera could not, at a later time, have joined the conspiracy. In other words, Rivera could have – on or before

September 5, 2003 – innocently agreed to let Hall use his account to deposit the wired funds but then at some point *after* that time knowingly joined the conspiracy. Indeed, the indictment charges that the conspiracy ended "in or about October, 2003" so Rivera could have joined the conspiracy at any time during that period. The government must only prove the elements of the offense of the conspiracy, not that defendant joined at a particular time. It is up to the jury to determine when, if at all, Rivera joined the conspiracy.

It is also important to point out that the jury's second question in the note refers only to the "bank fraud scheme." (Jury Note.) The indictment of course charges that the defendants conspired to violate the bank fraud and/or the mail fraud statute. Accordingly, a finding that Rivera did not agree to commit bank fraud does not "negate him as a co-conspirator" if he agreed to commit mail fraud.

Steven J. Durham
Jordan A. Thomas
Assistant U.S. Attorneys

cc: Thomas Abbenante, Esq., James Beane, Esq.